**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ED SMITH
ADC # 89143**                                                                                                    **PLAINTIFF**

**V.**                              **CASE NO. 5:12CV00029 SWW/BD**

**ESSIE M. CLAY, et al.**                                                                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.     Discussion:**

    A.     Background

Ed Smith, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983, alleging that in January 2009, he was improperly disciplined for allegedly engaging in a homosexual act with another inmate.  Mr. Smith claims that he was convicted of the disciplinary without any evidence to support the allegation, and that the disciplinary was wrongly upheld on appeal.  As a result of the disciplinary conviction, Mr. Smith was sentenced to thirty days in punitive isolation.

He names as Defendants the ADC official who wrote the disciplinary in question, Moses Jackson, the disciplinary hearing officer, Essie Clay, and those ADC officials who upheld his disciplinary conviction, Greg Harmon, Larry May, and Ray Hobbs.  He requests compensatory and punitive damages.

The Court recommends that Mr. Smith's claims be DISMISSED with prejudice.

    B.     Analysis

To prevail on a fourteenth amendment due process claim, a prisoner must show that he was deprived of life, liberty, or property by government action.  *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003).  Because Mr. Smith  does not allege that Defendants

deprived him of life or property, he must rely on the denial of a liberty interest to support his due process claim. *Id*.

A prisoner's liberty interests are limited to freedom from restraint which "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995).

Here, Mr. Smith claims that he was sentenced to thirty days in punitive isolation as a result of the unjustified disciplinary conviction. Assuming this is true, this kind of change in a prisoner's confinement cannot support a due process claim. Placement in punitive isolation for a relatively short interval, even if it means a temporary suspension of privileges while so confined, is not the type of "atypical and significant" hardship that would trigger the protection of the due process clause. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003), citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (holding that a demotion to segregation alone, even without cause, was not an atypical and significant hardship); *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002)(holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); and *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. Dec. 15, 2009)(inmate plaintiff failed to state a due process claim, even though assigned to administrative segregation for nearly nine months). Without an underlying liberty interest, Mr. Smith cannot prevail on his due process claim.

### III.    Conclusion:

The Court recommends that Mr. Smith's claims be DISMISSED, with prejudice and that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court should certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 23rd day of January, 2012.

_____
UNTIED STATES MAGISTRATE JUDGE